UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TONELLI,<br>　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK, N.A., et al.,<br>　　　　Defendants. | Case No. 19-cv-04904-KAW<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 8, 12 |

Plaintiff Stephen Tonelli filed the instant case against Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank"), Wells Fargo Clearing Services LLC *dba* Wells Fargo Advisors, LLC ("Wells Fargo Advisors"), and Shehzad Bhatti. (Compl., Dkt. No. 20-1.) On August 15, 2019, Defendant Wells Fargo Bank removed the case to federal court, asserting diversity jurisdiction. (Not. of Removal at 1, Dkt. No. 1.) While Defendants concede that Defendants Wells Fargo Advisors and Bhatti are California citizens, they assert that both Defendants were fraudulently joined. (*Id.* ¶¶ 13-15.)

Pending before the Court are: (1) Defendant Wells Fargo Bank's motion to dismiss, and (2) Plaintiff's motion to remand. (Def.'s Mot. to Dismiss, Dkt. No. 8; Pl.'s Mot. to Remand, Dkt. No. 12.) Having considered the parties' filings, the relevant legal authorities, and the arguments presented at the October 17, 2019 hearing, the Court GRANTS Plaintiff's motion to remand and DENIES Defendant Wells Fargo Bank's motion to dismiss as moot.

## I. BACKGROUND

On July 8, 2015, Plaintiff's brother – Kevin Tonelli – executed the Tonelli Trust – 2005 ("Trust"). (Compl. ¶ 7.) In 2018, Mr. Tonelli executed a Second Amendment which identified Mr. Tonelli's Wells Fargo checking and savings account ("Bank Accounts") as property of the

Trust. (Compl. ¶ 10.)

On December 18, 2017, Mr. Tonelli executed a special power of attorney giving Plaintiff authority to conduct business with Defendant Wells Fargo Bank. (Compl. ¶ 12.) Using the special power of attorney, Plaintiff deposited funds into the Bank Accounts. (Compl. ¶ 13.) As of April 30, 2018, the balance in the Bank Accounts exceeded $497,000. (Compl. ¶ 14.)

In November 2018, Defendant Bank of America ceased sending any communications, including bank statements, to Plaintiff or Mr. Tonelli. (Compl. ¶ 15.) On February 21, 2019, Mr. Tonelli passed away, making Plaintiff the successor trustee of the Tonelli Trust – 2005. (Compl. ¶¶ 16-17.)

On July 1, 2019, Plaintiff notified Defendant Bank of America that Mr. Tonelli had passed away. (Compl. ¶ 18.) On July 1, 2019, Defendant Bhatti, allegedly acting on behalf of Defendants, informed Plaintiff that he could not provide Plaintiff any information concerning the Bank Accounts except that the balances in the Bank Accounts was sixty cents. (Compl. ¶ 19.) On July 2, 2019, Plaintiff provided Defendants a "Certificate of the Trust." (Compl. ¶ 20.) Nevertheless, Defendants refused to provide Plaintiff any other information about the Bank Accounts, and have continued to refuse to provide any further information or documentation about the Bank Accounts. (Compl. ¶ 21.)

On July 12, 2019, Plaintiff filed the instant action against Defendants, asserting claims for: (1) conversion, (2) accounting, and (3) violation of California's Unfair Competition Law ("UCL"). With respect to the conversion claim, Plaintiff alleged that "Defendants have failed and refused to turn over funds from the Bank Accounts to Plaintiff," and asserted that "Defendants withdrew funds from the Bank Accounts without authorization, and converted these funds for their own use." (Compl. ¶¶ 26-27.) Plaintiff's UCL claim is also based on Defendants' alleged "conver[sion of] funds from the Tonelli Trust – 2005." (Compl. ¶ 37.)

On August 15, 2019, Defendant Wells Fargo Bank removed the instant case based on diversity jurisdiction. (Not. of Removal at 1.) Defendant Wells Fargo Bank asserted that the citizenship of Defendants Wells Fargo Advisors and Bhatti should be disregarded because "Plaintiff has alleged no concrete facts that any Defendant committed any wrongdoing . . . ." (*Id.*

2

¶ 18.)

Defendant also provided a declaration by Defendant Bhatti, who is a Personal Banker 2 at Defendant Wells Fargo Bank and a Brokerage Associate for Defendant Wells Fargo Advisors. (Bhatti Decl. ¶ 3, Dkt. No. 3.) Defendant Bhatti states that he has never interacted with anyone regarding the Bank Accounts, except for his interactions with Plaintiff in early July 2019. (Bhatti Decl. ¶ 7.) Specifically, on July 2, 2019, Defendant Bhatti informed Plaintiff that he was not in a position to provide Mr. Tonelli's personal account information to Plaintiff. (Bhatti Decl. ¶ 8.) On July 5, 2019, Plaintiff provided documents relating to a trust in Mr. Tonelli's name. (Bhatti Decl. ¶ 9.) Defendant Bhatti informed Plaintiff that because the Bank Accounts were not set up as trust accounts, he could not provide Mr. Tonelli's personal account information to Plaintiff. (Bhatti Decl. ¶ 10.) Defendant Bhatti states that he did not discuss Defendant Wells Fargo Advisors with Plaintiff at any time, nor did he say or do anything on behalf of Defendant Wells Fargo Advisors as to Plaintiff. (Decl. ¶ 6.) Defendant Bhatti further denies that he withdrew any funds from Mr. Tonelli's account for his personal use or any other purpose. (Decl. ¶ 11.)

On August 22, 2019, Defendant Wells Fargo Bank filed a motion to dismiss. Plaintiff filed his opposition on September 16, 2019, and Defendant Wells Fargo Bank filed its reply on September 23, 2019. (Pl.'s Opp'n, Dkt. No. 14; Def.'s Reply, Dkt. No. 16.) On September 6, 2019, Plaintiff filed a motion to remand. Defendant Wells Fargo Bank, N.A. filed its opposition on September 19, 2019, and Plaintiff filed his reply on September 23, 2019. (Def.'s Opp'n, Dkt. No. 15; Pl.'s Reply, Dkt. No. 17.)

## II. LEGAL STANDARD

### A. Motion to Remand

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This principle dictates that the removal statute be "strictly construed against removal jurisdiction." *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal

is proper, and that the court resolves all ambiguity in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

The Ninth Circuit has specified that "[j]oinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1042 (internal quotation omitted); *see also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) ("To prove their allegation of fraudulent joinder [the defendants] must demonstrate that there is no possibility that [the plaintiff] would be able to establish a cause of action against them in state court"). Or, as stated in the Moore's treatise, "[j]oinder will not be deemed fraudulent unless there clearly can be no recovery under state law on the cause alleged or on the facts as they exist when the petition to remand is heard." 15-102 Moore's Fed. Practice – Civil §102.21; *see also Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("Courts have denied a claim of fraudulent joinder when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant.").

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

*Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

Plaintiff makes three arguments in support of remand: (1) all Defendants did not join or consent to the removal, (2) the amount in controversy is not met, and (3) the parties are not diverse. (Pl.'s Mot. to Remand at 9-11.) The first and third arguments are dependent on whether Defendants Wells Fargo Advisors and Bhatti were fraudulently joined. If so, their citizenship and consent are irrelevant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds.").

The Court finds that Defendant Wells Fargo Bank has not demonstrated fraudulent joinder because it has not met its high burden of "prov[ing] that individuals joined in the action cannot be liable on *any* theory," specifically the UCL claim. *Ritchey*, 139 F.3d at 1318 (emphasis added). As an initial matter, to the extent Defendants Wells Fargo Bank argues that Plaintiff failed to allege specific facts with respect to Defendants Bhatti or Wells Fargo Advisors, including their specific roles in any alleged removal of the money from the Bank Accounts or failure to provide

5

bank statements, such arguments go to *pleading standards*, rather than whether Plaintiff could state a claim under California law against those Defendants. Whether Plaintiff's complaint can survive a motion to dismiss is not relevant to fraudulent joinder; indeed, courts have found no fraudulent joinder even where the plaintiff's allegations failed to satisfy federal pleading standards so long as the complaint could be amended to cure any such deficiency. *E.g.*, *Dahmen v. McNeil-PPC, Inc.*, CV 12-10371-GW (CWx), 2013 U.S. Dist. LEXIS 199277, at *8 (C.D. Cal. Jan. 14, 2013) (finding no fraudulent joinder "even if [the plaintiffs'] allegations would be insufficient to get them past the pleadings in their current form"); *Burris v. AT&T Wireless, Inc.*, Case No. 06-cv-2904-JSW, 2006 U.S. Dist. LEXIS 52437, at *4-5 (N.D. Cal. July 19, 2006) ("Although as currently pled, Burris has not alleged conduct which may be considered extreme or outrageous, Cingular has not demonstrated that, under California law, Burris would not be afforded leave to amend his complaint to cure this purported deficiency."). Even where the plaintiff failed to explain the specific role of each defendant, courts in this Circuit have found that the defendant did not establish that a cause of action was impossible because such pleading defects could be cured. *E.g.*, *Smith v. Amylin Pharms., LLC*, Civil No. 13cv1236 AJB (MDD), 2013 U.S. Dist. LEXIS 96612, at *13-14 (S.D. Cal. July 10, 2013) (finding no fraudulent joinder even where the plaintiff "ma[de] no specific, independent allegations against McKesson"); *Walnut Creek Estates Dev. Co., L.L.P. v. Am. Land Mgmt., L.L.C.*, No. CIV. 05-530-PCT-MHM, 2005 U.S. Dist. LEXIS 21934, at *3-6 (D. Ariz. Sept. 22, 2005) ("[A]lthough Defendant Bower's specific role in the transaction or various entities is not outlined in the Amended Complaint, a pleading defect that may be curable under state law, and that could be cured in state court after remand does not equate to the total inability to establish a cause of action in state court which is required by fraudulent joinder jurisprudence.").

In both the motion to remand and motion to dismiss, Defendant Wells Fargo Bank makes persuasive arguments that Plaintiff's conversion and accounting claims are defective against any Defendant, such that they cannot be amended. For example, Plaintiff's conversion claim fails to identify a specific sum of money, as Plaintiff states that he does not know how much was in the Bank Accounts. (Compl. ¶¶ 28-29.) California courts, however, have "reject[ed] conversion

6

claim[s] where the plaintiff could not identify [a] specific sum but only approximately monetary losses." *Voris v. Lampert*, 7 Cal. 5th 1141, 1151 (2019); *see also PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 397 (2007) (affirming the trial court's grant of summary judgment on the plaintiffs' conversion claim where the "plaintiffs failed to present evidence of a definite, identifiable sum of money").[1] Likewise, Plaintiff's accounting claim fails to explain why the amounts in the Bank Accounts "can only be ascertained by an accounting," rather than by reviewing the bank statements. *See Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) ("An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation."); *Lewis v. Ben. Cal., Inc.*, Case No. 17-cv-3575-KAW, 2018 U.S. Dist. LEXIS 199771, at *15 (N.D. Cal. Nov. 26, 2018) ("Accounting actions are also only appropriate when the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable."). Any UCL claims based on these conversion and accounting claims are likewise defective.

Defendant Wells Fargo Bank, however, has not shown that there may be no possible UCL claim against Defendants Bhatti or Wells Fargo Advisors. In his opposition to the motion to dismiss, Plaintiff argues that concealment of the bank records is itself a fraudulent business practice supporting his UCL claim. (Pl.'s Opp'n at 14.) In reply, Defendant argues that Plaintiff has failed to meet Federal Rule of Civil Procedure 9's requirement to allege fraud with particularity. (Def.'s Reply at 5.) As explained above, Plaintiff is not required to plead fraud with particularity or describe the roles of each Defendant for purposes of determining fraudulent joinder. Even if Plaintiff cannot survive a motion to dismiss, Defendant Wells Fargo Bank has not demonstrated that Plaintiff would not be given leave to amend by the state court to cure any purported deficiency. *Compare with Burris*, 2006 U.S. Dist. LEXIS 52437, at *4-5.

At the hearing, the parties specifically addressed the possibility of a UCL claim based on the failure to provide documents. Defendant Wells Fargo Bank argued that Plaintiff would still

---

[1] Plaintiff also notes he *cannot* allege a more precise amount without the bank statements. (Pl.'s Opp'n at 11.)

7

not have been entitled to the documents at the time of his July visit because it was not clear that the Bank Accounts were trust funds. In response, Plaintiff represented to the Court that Plaintiff was in fact a signatory on the Bank Accounts, as Mr. Tonelli had made him a signatory.[2] As a signatory, Plaintiff could have been entitled to such documents. Based on such representations, the Court cannot find that Plaintiff's UCL claim based on the failure to provide the documents is futile, so long as Plaintiff is able to allege such facts while satisfying the requirements of California Code of Civil Procedure § 128.7.

Accordingly, the Court finds that Defendant has failed to demonstrate that Defendants Bhatti and Wells Fargo Advisors were fraudulently joined. Therefore, there is no diversity jurisdiction and remand is appropriate. The Court notes, however, that if the claims against Defendants Bhatti and Wells Fargo Advisor are dismissed, Defendant Wells Fargo Bank may be able to remove the case again.

Plaintiff requests that the Court award Plaintiff's attorney's fees and costs associated with the motion to remand. (Pl.'s Mot. to Remand at 14.) A court has "wide discretion" in deciding whether to award attorney's fees. *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir. 1992). As discussed above, there are persuasive arguments that Plaintiff's conversion and accounting claims would be subject to dismissal without leave to amend. Further, as pled, the UCL claim appeared to be limited to the conversion claim; it was only in Plaintiff's opposition to the motion to dismiss that he clarified there was a UCL claim based on the concealment of the bank records. (*See* Compl. ¶ 37.) Thus, Defendant Wells Fargo Bank's removal was not unreasonable or frivolous. Attorney's fees are therefore not warranted in this case. *Compare with Burris*, 2006 U.S. Dist. LEXIS 52437, at *5 (declining to award attorney's fees because "[a]lthough it was not ultimately persuaded by Cingular's arguments, the Court does not find that Cingular's removal was frivolous or motivated by bad faith"); *Capretto v. Stryker Corp.*, 2007 U.S. Dist. LEXIS 66061, at *10 (N.D. Cal. Aug. 29, 2007) ("Although this order grants plaintiff's

---

[2] The Court acknowledges Defendant Wells Fargo Bank's point that Plaintiff appeared to have a power of attorney, which would have expired upon Mr. Tonelli's death. Again, however, this is not what was represented to the Court by Plaintiff.

motion to remand, defendant's arguments regarding the propriety of removal were not unfounded.").

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to remand and DENIES Defendant Wells Fargo's motion to dismiss as moot. The case is remanded to Sonoma County Superior Court.

IT IS SO ORDERED.

Dated: October 21, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge